IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Robert Surdak, *also known as Donald R. Surdak, Jr.*, <br><br> Plaintiff, <br><br> v. <br><br> Gerald Black; Tilie Kilgore; Chad McBride; Gary M. Bryant; Arlette Jones, <br><br> Defendants. | C/A No. 0:17-796-TMC-PJG <br><br> **REPORT AND RECOMMENDATION** |

The plaintiff, Donald Robert Surdak, a self-represented state pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff files this action *in forma pauperis* under 28 U.S.C. §§ 1915 and 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.    Procedural Background**

Plaintiff alleges he was arrested and detained in the Anderson County Detention Center for violating probation. After a hearing, he was ordered to participate in an overnight drug rehabilitation program for an unspecified number of days on the recommendation of Defendant Tilie Kilgore. He alleges he was detained in the detention center past his "sentence." The Complaint is ambiguous as to whether he was held in the detention center longer than the number of days he was "sentenced" to participate in rehabilitation programs while he waited on available bedspace at the rehabilitation program—or—whether he was returned to the detention center after he completed his rehabilitation program. In either scenario, he contends his detention past his "sentence" to

participate in a rehabilitation program was false imprisonment and violated his right to due process. Plaintiff seeks damages for his mental and emotional injuries.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

PJG

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Iqbal, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.    Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this action, Plaintiff alleges his time in the detention center or rehabilitation program constituted false imprisonment and a deprivation of due process, which the court construes as a claim pursuant to § 1983 for a violation of the Fourth and Fourteenth Amendments.

However, the court finds that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted because Plaintiff fails to provide facts about the defendants named in this Complaint to plausibly show the defendants violated Plaintiff's constitutional rights. The court first notes Plaintiff fails to provide any individualized facts about any of the defendants except for Defendant Kilgore. As to Defendant Kilgore, a probation agent, Plaintiff alleges Kilgore "recommended" he be ordered to enroll in long term inpatient treatment for his drug rehabilitation. Defendant Kilgore's recommendation of rehabilitation alone is insufficient to provide a factual basis

PJG

to state a claim for false imprisonment because Plaintiff fails to allege facts suggesting he was detained without probable cause.  See Massey v. Ojaniit, 759 F.3d 343, 356 (4th Cir. 2014); Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002).  Moreover, Kilgore's recommendation, presumably to a court considering Plaintiff's probation violation, does not tend to establish that Plaintiff did not receive due process before being detained at the Anderson County Detention Center or in a drug rehabilitation program.  See Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015) ("To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." ).  Accordingly, the facts alleged in Plaintiff's Complaint fail to plausibly show the defendants violated Plaintiff's constitutional rights.  See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Therefore, Plaintiff fails to state a claim upon which relief can be granted against the defendants.

### III. Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 15, 2017
Columbia, South Carolina

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).